UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO.:_____

*ELECTRONICALLY FILED*

TAMMY HARRISON                                                                                  PLAINTIFF,

vs.                                              COMPLAINT

UNITED STATES OF AMERICA,
DEPARTMENT OF HEALTH
AND HUMAN SERVICES
SERVE:      Frances E. Catron
            Unites States Attorney
            Suite 400
            110 West Vine Street
            Lexington, Kentucky 40507-1691

            Albert Gonzales
            U.S. Department of Justice
            Office of the Attorney General
            950 Pennsylvania Avenue, N.W.
            Washington, D.C. 20530-0001

            Secretary - Department of Health and Human Services
            Office of General Counsel
            Room SC-10
            Park one Building
            5600 Fishers Lane
            Rockville, Maryland 20857

and HEALTH HELP, INC. d/b/a
WHITE HOUSE CLINICS
SERVE:      John W. Hickey III
            218 West Main Street
            Richmond, Kentucky 40475                                                            DEFENDANTS

\*\* \*\* \*\* \*\* \*\* \*\* \*\*

## **INTRODUCTION**

Comes now the Plaintiff, TAMMY HARRISON, by and through counsel, and for her

Complaint and cause of action against the Defendants states as follows:

**JURISDICTIONAL FACTS**

1.      The Plaintiff, TAMMY HARRISON, at all times mentioned in this complaint has resided and now resides at 297 Pilgrims Rest Road, McKee, Kentucky 40447, in Jackson County, which is included in the Eastern District of Kentucky jurisdictional district.  Venue in this Court is proper pursuant to 28 U.S.C. 1402 (b).

2.      This Federal Tort Claim action arises from the tortuous conduct of employees or agents of the United States Department of Health and Human Services' community health center, White House Clinics - Berea, which has been deemed eligible for Federal Torts Claim coverage by the Secretary, Department of Health and Human Services.  The wrongful conduct of the United States deemed employees contributed substantially to cause injuries to the Plaintiff, who had filed in this Court pursuant to 28 U.S.C. §2671 et. seq.  This Court has jurisdiction pursuant to 28 U.S.C. §1346 (b) (1).

3.      The Unites States Department of Health and Human Services' deemed community health center, White House Clinics - Berea, employee, Dr. Chaz Vose, was acting within the course and scope of his employment at all times complained of herein.

4.      The Plaintiff has exhausted her administrative remedies, having timely and properly submitted to the United States Department of Health and Human Services her claims and the dollar amount specified and supported by documentary evidence on October 28, 2009.  Further, as of this date, more than six (6) months have elapsed since the date the Plaintiff filed her administrative claim, the Department of Health and Human Services has neither accepted nor rejected said administrative claim.  Pursuant to 28 U.S.C. §2675 (a), Plaintiff considers this failure to act as a final denial of Plaintiff's claim.

5.      This Court has jurisdiction over the Defendant, Health Help, Inc. d/b/a White House

Clinics, pursuant to 28 U.S.C. §1367, and that all actions complained of herein arise from a common nucleus of operative fact.

6.  The Defendant, Health Help, Inc. d/ba/ White House Clinics, is a Kentucky Corporation with its principle office being at 211 US Highway 421 South, McKee, Kentucky 40447. The Corporation provides Health Care Services in Kentucky, including Berea, Kentucky doing business in Berea as White House Clinics - Berea. It manages its business and recruits its doctors from the Corporation's headquarters located in McKee, Kentucky.

7.  On her information and belief, the Plaintiff alleged that a substantial portion of the wrongful conduct complained of herein as against the resident Defendant Health Help, Inc. , arose from or because of the negligent practices of the corporation, performed at its place of business in Berea, Kentucky. The registered agent for service of process for the Defendant Health Help, Inc., is John W. Hickey III, 218 West Main Street, Richmond, Kentucky 40475.

## FACTUAL ALLEGATIONS

8.  Plaintiff adopts and reiterates by reference, Paragraphs one (1) through seven (7) in this Complaint as if fully set forth herein at length.

9.  On August 20, 2009, Plaintiff presented to Dr. Chaz Vose at White House Clinics - Berea, for the repair of a cavity in her left maxillary molar tooth.

10. At all times relevant herein, Dr. Chaz Vose was an employee of the Defendant, Health Help, Inc. d/b/a White House Clinics, a deemed community health care center and therefore eligible for federal torts claim coverage, pursuant to 42 U.S.C. 233 (g) (k), 42 U.S.C. 201. Health Help, Inc. d/b/a White House Clinics and Dr. Vose provided medical services to the Plaintiff for consideration.

11. Dr. Vose examined the Plaintiff on August 20, 2009 and recommended a surgical tooth

extraction of the left molar.  Dr. Vose performed the surgical tooth extraction at White House Clinics - Berea on August 20, 2009.

12.     After being discharged from White House Clinics - Berea that evening on August 20, 2009, Plaintiff noticed left facial and neck edema with shortness of breath and stabbing chest pain wherein she contacted emergency medical services in Jackson County, Kentucky who dispatched Kentucky LifeNet to transport Plaintiff to the University of Kentucky Medical Center.

13.     Plaintiff was admitted to the University of Kentucky Medical Center by the Oral Maxillofacial Surgery Team on August 20, 2009 after being diagnosed in the emergency department with an air embolism, pneumomediastinum, left anterior pneumothorax, extensive subcutaneous air and left eye vision loss, all as a result of a punctured sinus cavity which occurred during the previous surgical tooth extraction performed by Defendant agent/employee Dr. Chaz Vose.  Plaintiff remained at the University of Kentucky Hospital until her discharge of August 23, 2009 following loss of visual acuity in her right eye.  She was discharged with instructions to follow up with the Hospital's Opthalmology department for further treatment of same.

14.     To date, Plaintiff has undergone additional surgeries and continues to treat for injuries she sustained during the surgical tooth extraction performed by Dr. Chaz Vose at White House Clinics - Berea on August 20, 2009.  Plaintiff continues to be blind on the left eye.

### COUNT I - NEGLIGENCE OF DEFENDANT, UNITED STATES OF AMERICA, DEPARTMENT OF HEALTH AND HUMAN SERVICES BY AND THROUGH ITS DEEMED COMMUNITY HEALTH CENTER, HEALTH HELP, INC. d/b/a WHITE HOUSE CLINICS AND ITS DEEMED EMPLOYEE DR. CHAZ VOSE

15.     Plaintiff adopts and reiterates by reference Paragraphs one (1) through fourteen (14) in this Complaint as if fully set forth herein at length.

16.     The Defendant, United States of America, Department of Health and Human Services, acting by and through its agent, Health Help, Inc. d/b/a White House Clinics and Dr. Chaz Vose, undertook to provide medical care to the Plaintiff for a consideration, and therefore owed to the Plaintiff a duty to use standard medical care in the services provided exercising a degree of diligence and skill that is ordinarily possessed and exercising a degree of diligence and skill that is ordinarily possessed and exercised by health care providers similarly situated.

17.     The Defendant, United States of America, Department of Health and Human Services, acting by and through its agents, as named above, failed to exercise the standard of care in providing medical services to the Plaintiff by acts or omissions, including but not limited to the following:

    (A)     Failure to inform the Plaintiff of any potential risk associated with the surgical tooth extraction that may include puncturing of the sinus cavity;

    (B)     Failure to act within the standards to avoid puncturing the sinus cavity;

    (C)     Failure to act within the standards to recognize and failure to intervene appropriately during the Plaintiff's tooth extraction procedure, when it was determined that a hole had been placed in her sinus cavity;

    (D)     Failure to act within the standards to recognize signs of a punctured sinus cavity and failure to intervene appropriately and timely;

    (E)     Failure to inform the Plaintiff of this condition, and to have it properly treated and repaired.

18.     The negligence of the United States Department of Health and Human Services, acting by and through its agents, as above described, was a substantial contributing factor causing harm to the Plaintiff as follows:

(A)     Injuries to the Plaintiff for pain, suffering and emotional distress caused by the negligence of the Defendant, United States of America, acting by and through its agents;

(B)     Expenses of the Plaintiff, for the care and treatment of this condition, in the amounts incurred presently and to be incurred for the rest of the Plaintiff's life;

(C)     Temporary and Permanent injury as a result of the punctured sinus cavity and the continued treatment that is needed as a result thereof, all substantial past, present or future medical life care needs expense;

(D)     Destruction of the Plaintiff's power to earn money due to the disabling injuries Plaintiff has received as a result of the punctured sinus cavity and continued treatment that is needed as a result thereof.

## COUNT II - NEGLIGENCE OF THE DEFENDANT HEALTH HELP, INC., D/B/A WHITE HOUSE CLINICS AND GENERAL ALLEGATIONS AGAINST THIS DEFENDANT

19.     Plaintiff adopts and reiterates by reference paragraphs one (1) through eighteen (18) in this Complaint as if fully set forth herein at length.

20.     That on or about August 20, 2010 Plaintiff began treating at White House Clinics - Berea for the purpose of obtaining medical treatment as a result of a left maxillary molar tooth cavity that she had been diagnosed with previously.

21.     On said date the Defendant, Health Help, Inc., d/b/a White House Clinics, undertook the treatment of the Plaintiff for consideration.

22.     Due to this clinic-patient relationship it became the duty of the Defendant, Health Help, Inc., d/b/a White House Clinics to exercise a degree of diligence and skill that is ordinarily possessed and exercised by health care providers similarly situated.

23.     At all times mentioned herein, it was the duty of the Defendant, clinic, Health Help, Inc.,

d/b/a White House Clinics to exercise ordinary care under those circumstances in the care and treatment of the Plaintiff.

24. That the Defendant, Health Help, Inc., d/b/a White House Clinics disregarded its duty and failed to exercise ordinary care in that the Defendant's agents, servants and/or employees failed to provide standard medical care to the Plaintiff through actions and failures to act, including but not limited to the following:

   (A)   It failed to provide adequately trained physicians and nursing staff to care for the Plaintiff; by and through its staff it failed to inform the Plaintiff of any potential risk associated with the surgical tooth extraction that may include puncturing of the sinus cavity;

   (B)   By and through its staff it failed to act within the standards to avoid puncturing the sinus cavity;

   (C)   By and through its staff if failed to correct errors made during the initial surgery, in particular the punctured sinus cavity;

   (D)   It failed to properly notify the Plaintiff of this condition and to keep proper medical records indicating this findings of this condition during her treatment; and by and through its persons under its supervision and control, it, in general, failed in its duty to the Plaintiff.

25. That at all times relevant herein, the Defendant, Health Help, Inc., d/b/a White House Clinics had a duty to its patients at its clinics, including the Plaintiff, to use care in the selection, employment, credentialing and supervision of its clinic employees and medical staff.

26.     That the Defendant Health Help, Inc., d/b/a White House Clinics breached this duty as described above, in that it failed to use due care in the credentialing of Dr. Chaz Vose to work as a physician in its clinic, and failed to use due care in the selection, supervision and training of its staff and other support staff who assisted in the treatment of the Plaintiff complained of herein.

27.     That the Defendant, Health Help, Inc., d/b/a White House Clinics breached its duty as described above, in that it failed to provide Dr. Chaz Vose with standard clinical policies and procedures pertaining to patient care.

28.     That at all times complained of herein, the Defendant, Health Help, Inc., d/b/a White House Clinics, was generally negligent in the management of the clinical services provided at White House Clinic - Berea and negligence caused to the Plaintiff herein.

29.     The negligence of the Defendant, Health Help, Inc., d/b/a White House Clinics, as described above, contributed substantially to cause harm to the Plaintiff as follows:

   (A)  Injuries to the Plaintiff for pain, suffering and emotional distress caused by the negligence of the Defendant, United States of America, acting by and through its agents;

   (B)  Expenses of the Plaintiff, for the care and treatment of this condition, in the amounts incurred presently and to be incurred for the rest of the Plaintiff's life;

   (C)  Temporary and Permanent injury as a result of the punctured sinus cavity and the continued treatment that is needed as a result thereof, all substantial past, present or future medical life care needs expense;

   (D)  Destruction of the Plaintiff's power to earn money due to the disabling injuries Plaintiff has received as a result of the punctured sinus cavity and continued treatment that is needed as a result thereof.

       WHEREFORE, the Plaintiff requests Judgment of this Court as follows:

1. Judgment against the Defendants, United States of America, Department of Health and Human Services and Health Help, Inc., d/b/a White House Clinics, either jointly or severally, or individually, proportioned to each of the Defendants pursuant to their fault, as the law allows, in favor of the Plaintiff, said amount to be that which is determined as being fair and reasonable;

2. Damages presently estimated at being in excess of $10,000,000.00;

3. The Plaintiff's medical expenses, past, present and future;

4. Pain and suffering, past, present and future;

5. Damages for the Destruction of power to earn money and any other damages which the law allows;

6. A trial by jury.

7. Her costs herein expended.

8. Pre-Judgment and Post-Judgment interest as against the Defendant Health Help, Inc., d/b/a White House Clinics; and

9. For any and all other relief to which the Plaintiff may appear to be entitled.

Respectfully submitted,

  /s/ Hon. Hailey Scoville Bonham          

HON. HAILEY BONHAM
THE SCOVILLE FIRM, PLLC
105 NORTH MAIN STREET
LONDON, KENTUCKY 40741
COUNSEL FOR PLAINTIFF
TEL: (859) 123-4567
FAX: (859) 890-1234
hailey@scovillelaw.com